**In re Melvin DIXON, d/b/a Melvin Dixon Trucking, Debtor.**

**Steven N. MOTTAZ, Trustee, Plaintiff,**

v.

**STATE BANK OF JERSEYVILLE, Defendant.**

Bankruptcy No. BK 82–50261.

Adv. No. 83–0189.

United States Bankruptcy Court, S.D. Illinois.

Jan. 19, 1984.

(Under Ohio or Michigan law, seller had no right of reclamation against a bankruptcy trus-

Steven N. Mottaz, Alton, Ill., Trustee.

Clifford Emons, Jerseyville, Ill., for defendant.

### ORDER

J.D. TRABUE, Bankruptcy Judge.

At Alton, in said district, this matter having come before the Court pursuant to a complaint to avoid a preferential transfer filed by the Trustee and an answer to complaint filed on behalf of the defendant by its attorney, Clifford C. Emons; briefs having been filed by the respective counsel; after reviewing the briefs and researching the law, the Court states the facts as stipulated by the parties, and makes the following ruling:

1. The debtor filed a petition under Chapter 7 of the Bankruptcy Code on August 2, 1982. Steven N. Mottaz is the duly appointed trustee of debtor's bankruptcy estate.

2. Debtor purchased the subject property, a 1976 International Tractor Trailer, Serial No. F237FGB14115, from Feld Truck Leasing Corporation on or about March 18, 1981.

3. Debtor borrowed the purchase price of the truck from the State Bank of Jerseyville (the Bank) and executed a Note and Security Agreement on March 18, 1981.

4. Debtor received the certificate of title to the subject property assigned by Feld Truck Leasing Corporation on or about June 23, 1982. The certificate of title in the name of Feld Truck Leasing Corporation reflected a lien to International Harvestor, which was released June 26, 1981.

tee unless fraud established); *Talcott v. Henderson, supra.*

5. Debtor never applied for a certificate of title to the subject property, either in the State of Illinois or any other state. Several times the Bank requested debtor to sign an application for title but debtor refused, stating that the truck had current license plates on it and that he was unwilling to pay the costs associated with putting new plates on the vehicle.

6. Debtor defaulted under the terms of said Note and Security Agreement and the Bank filed a replevin action in the Illinois Circuit Court for Jersey County, cause No. 82–LM–20. The Bank obtained a Replevin Order and a Writ of Replevin was issued for the vehicle described on July 8, 1982. The Bank took possession of the vehicle on that date.

7. Debtor's bankruptcy petition indicates that there are unsecured priority claims in the amount of $1,934.50 and general unsecured claims in the amount of $68,-118.01. In the event the Court rules that the Bank has a valid security interest, the unsecured creditors will not receive a distribution, for the instant proceeding will be a no-asset case.

8. The existing certificate of title was never delivered to the Illinois Secretary of State with an application for certificate of title, which contained the name and address of debtor and the lienholder, the date of the security agreement, and the required filing fee.

9. Debtor was in fact insolvent at the time the Bank obtained possession of the subject property.

The controlling statutes are set out here in relevant part for convenient reference:

11 U.S.C. § 547(b):

Except as provided in subsection (c) of this section; the trustee may avoid any transfer of property of the debtor—

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the filing of the petition; or

(B) between 90 days and one year before the date of the filing of the petition, if such creditor, at the time of such transfer—

(i) was an insider; and

(ii) had reasonable cause to believe the debtor was insolvent at the time of such transfer; and

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

Ill.Rev.Stat., ch. 95½, § 3–203:

Security interest. If an owner creates a security interest in a vehicle:

(a) The owner shall immediately execute the application, in the space provided therefor on the certificate of title or on a separate form the Secretary of State prescribes, to name the lienholder on the certificate, showing the name and address of the lienholder and cause the certificate, application and the required fee to be delivered to the lienholder.

(b) The lienholder shall immediately cause the certificate, application and the required fee to be mailed or delivered to the Secretary of State.

The sole issue in this case is whether the Court should exercise its equitable powers and allow a creditor with an unperfected security interest to defeat the Trustee's status as a hypothetical lien creditor.

Under the facts stipulated by the parties, the Bank's repossession of the subject property constitutes a voidable preference under § 547(b) of the Bankruptcy Code. Clearly, the Bank failed to perfect its security interest under Ill.Rev.Stat., ch. 95½, § 3–203(b). Consequently, it is the holder of an unperfected security interest, inferior to the Trustee's status as a lienholder. See, 11

U.S.C. § 544. Nevertheless, the Bank requests that the Court overlook the technical requirements of the Illinois law, and elevate its status above that of the Trustee.

The Bank contends that a strict reading of § 3–203 would work a substantial injustice in this case. Ostensibly, a recalcitrant debtor can prevent a creditor from perfecting its security interest in a vehicle by simply refusing to execute the application that must be forwarded to the Secretary of State for filing. The Bank takes the position that the Illinois legislature could not have intended the statute to be read to permit debtors to subterfuge the efforts of creditors to attain secured status.

The United States Court of Appeals for the Seventh Circuit has ruled on the precise issue that is before this Court. *In re Keidel,* 613 F.2d 172 (7th Cir.1980), the Seventh Circuit ruled as a matter of law that, regardless of any possible inequitable result— (1) § 3–203 is the exclusive means for perfecting a security interest in motor vehicles in the State of Illinois; and (2) under the Bankruptcy Act, the trustee is a hypothetical lien creditor whose claim prevails over the conflicting claim of a holder of an unperfected security interest. The court of appeals indicated that the statutory scheme of the Uniform Commercial Code requires a strict reading of § 3–203, despite some seemingly harsh results. In dealing with the creditor's contention that the ruling produces a windfall for the debtor's bankruptcy estate at the expense of the secured creditor, the court stated:

This may indeed be the result ..., but the Bank has only itself to blame for the failure to perform its statutory duty prescribing application for a new title. The Illinois law applicable to secured transactions in personal property, including motor vehicles, places a strong emphasis on the need for diligence in perfection of the security interest in accordance with the statutory method... The strong policy favoring diligence in perfection (and the consequent gain in certainty and regular-

ity) outweighs the possibility here of "unjust enrichment" or a "windfall."

*In re Keidel,* 613 F.2d at 175.

*Keidel* is the controlling authority in this jurisdiction on the matter at bar. The fact that the case was decided under the Bankruptcy Act is not significant. The only material difference between the instant case and *Keidel* is the applicability of § 547(b) of the Bankruptcy Code, rather than § 60 of the Bankruptcy Act. "The five elements of a preference as set out in § 547(b) are similar to the elements of a preference under the Act." COLLIER PAMPHLET EDITION BANKRUPTCY CODE § 547, p. 297 (A. Herzog and L. King 1983). The Bankruptcy Reform Act of 1978 did nothing to change the vitality of *Keidel.* Accordingly, the Court finds good cause to enter judgment for the Trustee.

WHEREFORE, IT IS ORDERED that the transfer of the subject property to the State Bank of Jerseyville be, and the same hereby is, null and void.

IT IS FURTHER ORDERED that the State Bank of Jerseyville be, and the same hereby is, directed to turnover the subject property to the Trustee or, in the alternative, pay the Trustee the reasonable value thereof.